THE STATE OF OHIO, APPELLEE, v. GREEN, APPELLANT.

(No. 7303—Decided September 24, 1963.)

Mr. *John C. Young*, city attorney, Mr. *Howard P. Lowe* and Mr. *L. Anderson Fanta*, for appellee.
Mr. *William A. Toler*, for appellant.

*Per Curiam.* This is an appeal from a conviction in the Columbus Municipal Court. Appellant was charged with a violation of Section 2915.111, Revised Code. The statute provides:

"No person shall own, possess, have on or about his person, have in his custody, or have under his control a ticket, order, or device for or representing a number of shares or an interest in a scheme of chance known as 'policy,' 'numbers game,' 'clearing house,' or by words or terms of similar import, located in or to be drawn, paid, or carried on within or without this state."

The prosecution's case rests on appellant's possession of a "ribbon" or adding machine tape upon which there are a series of numbers and markings. The sole issue is whether such a tape constitutes a "ticket, order, or device" representing a share or interest in a numbers game.

It is conceded that the tape is not a "ticket." While mentioned in the trial court, the prosecutor has also conceded in this court that the tape is not a "device" within this statute. We agree. However, it is contended that it is an "order."

In simple outline, the testimony of record shows that a player places his order (purchases a ticket) from a "writer." Writers turn over their collections and orders to a "pick-up" man, who in turn deals with a "house." While the tape is clearly not an order by a player, the prosecution contends that it is an order placed by a "pick-up" man with the "house."

However, the expert's testimony in interpreting the tape identifies it as a recording by the "house" of the money or orders turned in by a "pick-up" man. In its brief, the prosecution states that the tape may be "likened to an inventory that might be kept by commercial merchants." The brief also describes it as a "totalling" of the orders placed with the house and as a "computation" of orders.

A business record or book of account kept by the "house" for use in its operations and to keep track of its dealings is not an "order * * *" representing a number of shares or an interest" in the game. Of course, the possession of such a record is obviously evidence tending to establish that appellant operated a "numbers game." It is therefore evidence as to the promotion, carrying on, or acting as a "backer" of a game. Such conduct is a crime under Section 2915.12, Revised Code. Unfortunately, appellant was not charged under that statute. Rather, he is charged under the "possession" statute which is limited to the specific things there stated.

Since the tape is not one of the things specified in Section 2915.111, Revised Code, the conviction must be reversed.

The judgment of the Municipal Court will be, and hereby is, reversed.

*Judgment reversed.*

DUFFY, P. J., DUFFEY and TROOP, JJ., concur.